IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

           Plaintiff,

vs.                                   Case No. 18-4032-SAC-GEB

GOOGLE LLC, INC.,

           Defendant.

**O R D E R**

This case is before the court upon plaintiff's motion for joinder (Doc. No. 34), plaintiff's motion to strike judgment (Doc. No. 35) which has attached a motion in support of delayed judgment (Doc. No. 35-1), and plaintiff's motion to strike or motion for sanctions (Doc. No. 36). This case was dismissed on June 13, 2018. Doc. No. 12. The court denied plaintiff's recently-filed motion to alter or amend judgment on April 6, 2020. Doc. No. 20.

Plaintiff's motion for joinder shall be denied. Plaintiff seeks to join this case with Case No. 20-3072. Both cases have been dismissed. This case has been dismissed for almost two years. Although the cases contain similar allegations, the court sees no substantial benefit to joining the cases at this stage in their proceedings.

Plaintiff's motion to strike judgment (Doc. No. 35) and motion in support of delayed judgment (Doc. No. 35-1) shall also be

1

denied.  The motion to strike judgment appears to be targeted at overturning the court's decision to deny plaintiff's attempt to file an amended complaint.  As the court explained in Doc. No. 33, the amended complaint was filed after the court entered judgment against plaintiff and, therefore, the amended complaint – treated as a motion to amend the complaint – could not be considered without reopening the case.  The court further noted that if the amended complaint were considered as a motion to amend or as a motion for relief from judgment, the court would deny such relief because the amended complaint failed to state a plausible claim.  Plaintiff's motion to strike judgment and the attached motion in support of delayed judgment do not support reopening the case or amending the complaint.  They are denied.

Finally, plaintiff's motion to strike or motion for sanctions (Doc. No. 36) shall be denied.  Plaintiff appears to be asking that any defense based upon defendant's terms of service be stricken.  Plaintiff mentions venue as one such defense.  The court, however, dismissed this action on grounds separate from the terms of service discussed in the motion.  So, the request to strike appears to be moot.  Moreover, motions to strike are generally disfavored.  Thompson v. Jiffy Lube Int'l, Inc., 2005 WL 2219325 *1 (D.Kan. 9/13/2005).  Finally, plaintiff's motion cites no authority which warrants sanctions against defendant.  Instead, the motion makes conclusory and at times confusing claims which

2

fail to assert adequate grounds to alter or amend the judgment in this case.

In conclusion, plaintiff's motions at Doc. Nos. 34, 35, 35-1, and 36 are denied.

**IT IS SO ORDERED.**

Dated this 22nd day of April 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge